LEONE GOFFREDO ET AL. *vs.* HARRY MAXEN ET ALS.

Third Judicial District, Bridgeport, October Term, 1920.
WHEELER, C. J., BEACH, GAGER, CASE and CURTIS, Js.

An explicit finding that two written notices of a desire to renew a lease, given after the original term had expired, "were the only notices of any kind" given by the tenants to the landlord, leaves no room for a claim of implied notice from the conduct of the parties, even if such a notice could legally be given in that way.

*It seems* that notice of a desire to renew a lease must be either written or oral, and cannot be implied from conduct.

Circumstances might in a given case constitute a waiver of such notice, but that is a very different proposition from implying the giving of the notice.

The refusal to consider facts in evidence which are relevant and material to the issue, is erroneous; but such a refusal is not substantiated by a statement of the trial judge to the effect that "what occurred after March 1st is not important." Such a statement indicates, not a disregard of such occurrences, but a consideration and weighing of them leading to the conclusion of their unimportance.

Argued November 4th—decided November 10th, 1920.

SUIT by the lessees of a store to secure the renewal of their lease for a further term of three years, as pro-

vided therein, and to restrain the defendants meanwhile from taking any steps to eject the plaintiffs from the leased premises, brought to and tried by the Superior Court in New Haven County, *Burpee, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiffs. *No error.*

*James M. Lynch,* with whom was *William K. Lawlor,* for the appellants (plaintiffs).

*John T. Monzani,* for the appellees (defendants).

PER CURIAM. On March 1st, 1918, one Frank made a written lease to plaintiffs of certain premises in Waterbury for the term of two years, with a provision that the lease could "be renewed for other three years after the two years have expired, at the option of" the plaintiffs.

Upon the trial the plaintiffs claimed as matter of fact that they had given notice of renewal prior to the termination of their lease on February 28th, 1920, and, as matter of law, that the conduct of the parties was such as to raise an implied notice of renewal of the lease.

Plaintiffs introduced evidence tending to prove the giving in fact of such notice, together with circumstances corroborating this, while the defendants introduced evidence contradictory of this. It thus became a question of fact for the trier, and we have no doubt he was aided to his decision by the fact that the two written notices of a desire to renew were given defendants by the plaintiffs' attorney on March 3d, 1920, after the term of the lease had expired, and did not contain any reference to any prior notice given by plaintiffs to defendants. The court has explicitly found that these were the only notices of any kind

given defendants by plaintiffs of their desire to renew their lease. We have examined the evidence, and find that it fully supports this finding as well as the other findings complained of. The question of whether this notice was given or not was, upon this evidence, a pure question of fact, and settled by the finding adversely to the plaintiffs' contention.

The claim that the conduct of these parties raises an implied notice of a desire to renew the lease, is met by the finding. Each of the parties has testified directly upon this subject, and while their conduct may be corroborative of their statement that they gave or did not give this notice, it cannot be separated from the statement and treated apart from it. If we did not regard the finding as controlling, we should incline to the view that the notice of renewal must be either written or oral, and could not be implied from conduct. It might be that the circumstances of conduct would constitute a waiver of a requirement such as the giving of notice of renewal, but that is a very different proposition from implying the giving of a notice of such renewal. *Wood* v. *Edison Electric Illuminating Co.*, 184 Mass. 523, 69 N. E. 364; 2 Tiffany on Landlord & Tenant (1910 Ed.) § 222b.

The only real claim of law which this record raises, is the claim of the plaintiffs that in passing upon the question of whether this notice had in fact been given, the trial court refused to consider facts in evidence which were relevant and material to this issue. If this claim were substantiated by the record, the ruling would be erroneous. The claim rests upon the sentence of the memorandum of the trial judge: "What occurred after March 1, 1920, is not important." The memorandum, read as an entirety, makes it clear that the trial judge did not say, or intend to say, that he had disregarded facts in evidence of what had occurred

after March 1st, 1920. The language used meant that the facts in evidence of what occurred after March 1st, 1920, were not in the opinion of the court important. It had the right to entertain and to express such an opinion, and to use it in reaching its conclusion. Weighing evidence and determining it to be unimportant is one thing: refusing to weigh it is quite another thing.

There is no error.